Ying v. Lynch

BIA
Nelson, IJ
A200 032 094

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand fifteen.

PRESENT:
        RICHARD C. WESLEY,
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges.*

_____

LIN HUAN LIN YING, AKA XUE YING
YING-XU,
        *Petitioner,*

v.                                              14-4708
                                                NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Cora J. Chang, Law Office of Cora J.
                       Chang, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Anthony

W. Norwood, Senior Litigation Counsel; Shahrzad Baghai, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lin Huan Lin Ying ("Lin"), a native and citizen of the People's Republic of China, seeks review of a December 3, 2014, decision of the BIA affirming a February 26, 2013, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Huan Lin Ying,* No. A200 032 094 (B.I.A. Dec. 3, 2014), *aff'g* No. A200 032 094 (Immig. Ct. N.Y. City Feb. 26, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the IJ's adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d

2

Cir. 2005). The applicable standards of review are well established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because the BIA declined to reach the IJ's adverse credibility determination, we assume that Lin testified credibly. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 68 (2d Cir.2011).

## I. Corroboration

The agency found that Lin failed adequately to corroborate his claim that he was arrested, detained, and beaten for attending an underground Catholic church in China. "Where the trier of fact determines that the applicant should provide [corroborative] evidence . . . such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Yan Juan Chen v. Holder*, 658 F.3d 246, 252-53 (2d Cir. 2011).

Lin submitted two pieces of evidence corroborating his claim: a letter from the priest of his underground church, and a letter from his wife. As the IJ noted, the letter from Lin's priest does not mention Lin's arrest or the arrest of any other church members in 2004. Thus, it does not corroborate Lin's

3

claim that he was persecuted. Lin argues that the IJ erred because she never gave him an opportunity to explain the letter's omissions. While an IJ may be required to give an alien notice that corroboration may be expected, however, the IJ is not required to provide an opportunity for the alien to cure defects in the evidence. *See Yan Juan Chen*, 658 F.3d at 253 (citing *Ming Shi Xue v. BIA*, 439 F.3d 111, 122 (2d Cir. 2006) (suggesting that Court's precedent requires that IJ give "adequate and meaningful notice to the applicant of evidence" the IJ believes is necessary before denying claim for insufficient corroboration)).

The IJ gave Lin's wife's letter diminished weight because it was unauthenticated and from a witness unavailable for cross examination. In addition, Lin's wife was not an eyewitness to the events in question. These were valid grounds for according diminished weight to the letter. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *In re H-L-H & Z-Y-Z*, 25 I. & N. Dec. 209, 214-15 (BIA 2010), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

The IJ also found that Lin could have submitted statements from fellow underground church members who knew that he had been

4

arrested in 2004. Lin testified that one of the church members had agreed to write a letter, but he moved to Japan and Lin did not have his contact information. Lin did not explain why he did not obtain letters from any of the other members and argues that the IJ never asked him why he did not obtain any other statements. However, Lin was explicitly asked at his merits hearing why he had not submitted statements from any of his fellow church members. Thus, Lin's argument is belied by the record. Accordingly, the agency properly denied Lin's past persecution claim for lack of corroboration. 8 U.S.C. § 1158(b)(1)(B)(ii).

## II. Pattern or Practice of Persecution

To show a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must show a reasonable possibility that authorities in his country are either aware of his activities or are likely to become aware of them. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). As relevant here, an alien may make this showing by "prov[ing] the existence of 'a pattern or practice in his or her country . . . of persecution of a group of persons similarly situated to the applicant.'" *Kyaw Zwar Tun v. INS*, 445 F.3d

5

554, 564 (2d Cir. 2006) (quoting 8 C.F.R. § 208.13(b)(2)(iii)). To establish a pattern or practice of persecution against a particular group, a petitioner must demonstrate that the harm to that group is "so systemic or pervasive as to amount to a pattern or practice of persecution." *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see also Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007).

We cannot conclude that the agency erred in determining that Lin failed to establish a pattern or practice of persecution. The 2005 State Department International Religious Freedom Report, on which Lin relies, indicates that treatment of underground religious groups in China varies by region, with some regional authorities allowing underground groups to worship unimpeded. *Cf. Santoso v. Holder*, 580 F.3d at 110, 112 (2d Cir. 2009). Moreover, Lin's additional evidence describes only isolated incidents of harm and makes clear that the Chinese government targets religious leaders, not worshipers. At no point has Lin alleged that he was being trained to be a religious leader. One article states that China cracked down on underground churches in 2006, but Lin has presented no evidence to show that this crackdown persists.

6

Having failed to establish a pattern or practice of persecution before the agency, Lin did not meet his burden for asylum based on a fear of future persecution. As a result, he necessarily fails to meet the higher burden necessary to obtain withholding of removal or CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006) (withholding); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7